1  ROBERT D. PONCE (State Bar No.: 108069)
   LAW OFFICES OF ROBERT D. PONCE
2  787 Munras Avenue, Suite 200
   Monterey, CA 93940
3  Telephone: (831) 649-0515
   Facsimile: (831) 649-3397
4  E-Mail: rponce@redshift.com

5  Attorney for Plaintiffs,
   MARTHA ARMSTRONG and KERED ARMSTRONG,
6  a Minor, by and through his Guardian ad Litem,
   MARTHA ARMSTRONG

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          FRESNO DIVISION

| | |
|---|---|
| MARTHA ARMSTRONG,<br>KERED ARMSTRONG, a Minor, by and through his Guardian ad Litem,<br>MARTHA ARMSTRONG,<br><br>          Plaintiffs,<br><br>v.<br><br>MERCED COUNTY,<br>SHERIFF MARK PAZIN,<br>COMMANDER JAMES BUTTREY,<br>CORRECTIONAL OFFICER J. COLLINS,<br>CORRECTIONAL OFFICER<br>B. SHAMBAUGH, CORRECTIONAL<br>OFFICER RIOS, CORRECTIONAL<br>OFFICER ABRAMS, CORRECTIONAL<br>OFFICER SARGENSON,<br>CORRECTIONAL SERGEANT RESINI,<br>CALIFORNIA FORENSIC MEDICAL<br>GROUP, INCORPORATED,<br>AMANDA GIBSON, R.N.,<br>NURSE ROXIE, R. LONCTOT, R.N. and<br>DOES 1 through 50, inclusive,<br><br>          Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br>**[Violation of 42 U.S.C. §1983;**<br>**California Civil Code §52.1]**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

### NATURE OF ACTION

1. This complaint alleges violation of the constitutional rights of Derek Armstrong,

---
COMPLAINT FOR DAMAGES
Armstrong v. County of Merced, et al.

1  deceased and members of his immediate family, MARTHA ARMSTRONG and KERED
2  ARMSTRONG. Plaintiff, MARTHA ARMSTRONG, is the surviving widow of Derek
3  Armstrong, who was an inmate at the Merced County Jail on or about September 28, 2009. On
4  October 3, 2009, Armstrong died of a condition known as acute epiglottitis due to Methicillin
5  resistant staphylococcus aureus (MRSA). Prior to his death, Derek Armstrong experienced
6  extreme difficulty in breathing due to having suffered from acute epiglottitis.

7  2.  As more fully described below, defendants MERCED COUNTY Sheriff's
8  Department and its deputies, officers and healthcare providers were deliberately indifferent to
9  the serious medical needs of Derek Armstrong in violation of the cruel and unusual punishment
10 clause of the Eighth Amendment of the United States Constitution. This complaint seeks
11 remedies pursuant to Title 42, United States Code, §1983.

12 3.  Plaintiffs MARTHA ARMSTRONG and KERED ARMSTRONG, by and
13 through his Guardian ad Litem, Martha Armstrong, brings this civil rights action because of lack
14 of the medical care Derek Armstrong received while incarcerated within the Merced County Jail.

15 4.  The claims of plaintiffs are in a sum in excess of $75,000.00 and, in support
16 thereof, states the following.

## JURISDICTION

18 5.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1983, *et seq.*, and
19 28 U.S.C. §§1331, 1343.

## VENUE

21 6.  Venue is proper under 28 U.S.C. §1391 because a substantial part of the events
22 giving rise to plaintiffs ARMSTRONG claims occurred within the Eastern District of California.

## JURY TRIAL

24 7.  Plaintiff hereby demand a jury trial in this action.

## THE PARTIES

26 8.  Plaintiffs herein are MARTHA ARMSTRONG, widow of decedent Derek
27 Armstrong and KERED ARMSTRONG, the minor child of MARTHA ARMSTRONG, plaintiff
28 herein and Derek Armstrong, decedent. At all times herein mentioned, plaintiff, MARTHA

ARMSTRONG was and is a resident of the State of California, and currently resides in Clearlake Park, California. At all times herein mentioned, plaintiff KERED ARMSTRONG was and is a resident of the State of California, and currently resides in Clearlake Park, California. Plaintiff KERED ARMSTRONG proceeds with this litigation by and through his Guardian ad Litem, MARTHA ARMSTRONG. His date of birth is August 20, 2008 and he is currently 3 years of age.

9. Defendant MERCED COUNTY was and is a public entity, namely, a recognized jurisdictional subdivision of the State of California and, at all times herein mentioned, employed various Sheriff's deputies and officers within its Sheriff's Office who were responsible for providing medical care to decedent Derek Armstrong. MERCED COUNTY operates under its authority the Merced County Jail.

10. At all relevant times, defendant SHERIFF MARK PAZIN was the Sheriff of MERCED COUNTY. SHERIFF PAZIN had supervisory, decision making and policy making authority regarding the supervision, discipline and training of correctional officers and employees for Merced County. SHERIFF MARK PAZIN is being sued in his individual and official capacities.

11. At all relevant times, defendant COMMANDER JAMES BUTTREY was the Jail Commander of the Merced County Jail. COMMANDER BUTTREY had supervisory authority over and responsibility for the discipline and training of correctional officers and employees for the Merced County Jail. COMMANDER BUTTREY is being sued in his individual and official capacities.

12. Defendant CORRECTIONAL OFFICER J. COLLINS (full name unknown at this time, hereinafter referred to as "C.O. COLLINS") was a Correctional Officer for the Merced County Sheriff's Department. At the time of the incident giving rise to this complaint, C.O. COLLINS was on duty and involved in the acts giving rise to this complaint. In committing the acts and omissions alleged in this complaint, C.O. COLLINS was acting under color of law and within the course and scope of his employment within Merced County Jail and MERCED COUNTY. C.O. COLLINS is being sued in his individual and official capacities.

13. Defendant CORRECTIONAL OFFICER B. SHAMBAUGH (full name unknown at this time, hereinafter referred to as "C.O. SHAMBAUGH") was a Correctional Officer for the Merced County Sheriff's Department. At the time of the incident giving rise to this complaint, C.O. SHAMBAUGH was on duty and involved in the acts giving rise to this complaint. In committing the acts and omissions alleged in this complaint, C.O. SHAMBAUGH was acting under color of law and within the course and scope of his employment within Merced County Jail and MERCED COUNTY. C.O. SHAMBAUGH is being sued in his individual and official capacities.

14. Defendant CORRECTIONAL OFFICER RIOS (full name unknown at this time, hereinafter referred to as "C.O. RIOS") was a Correctional Officer for the Merced County Sheriff's Department. At the time of the incident giving rise to this complaint, C.O. RIOS was on duty and involved in the acts giving rise to this complaint. In committing the acts and omissions alleged in this complaint, C.O. RIOS was acting under color of law and within the course and scope of his employment within Merced County Jail and MERCED COUNTY. C.O. RIOS is being sued in his individual and official capacities.

15. Defendant CORRECTIONAL OFFICER ABRAMS (full name unknown at this time, hereinafter referred to as "C.O. ABRAMS") was a Correctional Officer for the Merced County Sheriff's Department. At the time of the incident giving rise to this complaint, C.O. ABRAMS was on duty and involved in the acts giving rise to this complaint. In committing the acts and omissions alleged in this complaint, C.O. ABRAMS was acting under color of law and within the course and scope of his employment within Merced County Jail and MERCED COUNTY. C.O. ABRAMS is being sued in his individual and official capacities.

16. Defendant CORRECTIONAL OFFICER SARGENSON (full name unknown at this time, hereinafter referred to as "C.O. SARGENSON") was a Correctional Officer for the Merced County Sheriff's Department. At the time of the incident giving rise to this complaint, C.O. SARGENSON was on duty and involved in the acts giving rise to this complaint. In committing the acts and omissions alleged in this complaint, C.O. SARGENSON was acting under color of law and within the course and scope of his employment within Merced County

1  Jail and MERCED COUNTY. C.O. SARGENSON is being sued in his individual and official
2  capacities.
3      17.    Defendant CORRECTIONAL SERGEANT RESINI (full name unknown at this
4  time, hereinafter referred to as "C.S. RESINI") was a Correctional Sergeant for the Merced
5  County Sheriff's Department. At the time of the incident giving rise to this complaint, C.S.
6  RESINI was on duty and involved in the acts giving rise to this complaint. In committing the
7  acts and omissions alleged in this complaint, C.S. RESINI was acting under color of law and
8  within the course and scope of his employment within Merced County Jail and MERCED
9  COUNTY. C.S. RESINI is being sued in his individual and official capacities.
10     18.    Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED
11 (hereinafter referred to as "CFMG") was and is a California corporation contracted by MERCED
12 COUNTY to provide medical services to inmates located within the Merced County Jail. At all
13 times herein, CFMG and its employees and nurses (whom are named herein), acted as an agent
14 for MERCED COUNTY.
15     19.    At all relevant times herein, AMANDA GIBSON, R.N., was a registered nurse,
16 employed by defendant CFMG and responsible for decision making regarding the care and
17 treatment of various inmates, included decedent Derek Armstrong. In committing the acts and
18 omissions alleged in this complaint, AMANDA GIBSON, R.N. was acting under color of law
19 and within the course and scope of her employment with CFMG as an agent for MERCED
20 COUNTY. AMANDA GIBSON, R.N. is sued in her individual capacity.
21     20.    At all relevant times herein, NURSE ROXIE (full name unknown at this time)
22 was a registered nurse, employed by defendant CFMG and responsible for decision making
23 regarding the care and treatment of various inmates, included decedent Derek Armstrong. In
24 committing the acts and omissions alleged in this complaint, NURSE ROXIE was acting under
25 color of law and within the course and scope of her employment with CFMG as an agent for
26 MERCED COUNTY. NURSE ROXIE is sued in her individual capacity.
27     21.    At all relevant times herein, R. LONCTOT, R.N.(full name unknown at this time),
28 was a registered nurse, employed by defendant CFMG and responsible for decision making

1  regarding the care and treatment of various inmates, included decedent Derek Armstrong. In
2  committing the acts and omissions alleged in this complaint, R. LONCTOT, R.N. was acting
3  under color of law and within the course and scope of her employment with CFMG as an agent
4  for MERCED COUNTY. R. LONCTOT, R.N. is sued in her individual capacity.

5  22.  The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 50, inclusive, are not now known to or ascertainable by plaintiff, and plaintiff prays leave of Court to amend this complaint to insert their true names and capacities when the same are ascertained. Plaintiff is informed and believes, and on such information and belief alleges that each of the defendants designated herein was negligently or intentionally responsible in some manner for the events and happenings herein referred to, and negligently caused injury and damages proximately thereby to plaintiff, as herein alleged.

12  23.  At all times herein mentioned each defendant was the agent, servant and employee of each of the remaining defendants, and was acting in the scope of his or her employment as such agent, servant and employee.

## FACTUAL BACKGROUND

16  24.  During the morning of September 27, 2009, Derek Armstrong exhibited symptoms of a sore throat, lost voice, swelling on the left side of the pharynx and drooling. He was also vomiting blood. Armstrong had, five days previously, also been complaining of a sore throat, cough and chest pain. As a result of his symptoms, he visited a clinic in Merced, California, called the Apex Medical Group.

21  25.  Shortly after his visit with Apex, Armstrong was arrested for violation of probation and was incarcerated in the Merced County Jail.

23  26.  While incarcerated, Armstrong continued to suffer from the aforementioned symptoms. He also exhibited respiratory distress in that he had difficulty breathing. On the day following his arrest, September 28, 2009, Armstrong experienced a worsening of his respiratory distress, for which he complained several times to defendants at the Merced County Jail. On said date, September 28, 2009, Armstrong's complaints of a sore throat and breathing difficulties commenced in the morning and became worse as the day progressed. Complaints were lodged

by Armstrong at 9:25 AM, 11:30 AM and 12:50 PM.

27. At 9:25 AM, Armstrong complained of a sore throat for which he was given liquid Tylenol. He was seen within his holding cell, Cell No. 3. At 11:30 AM, Armstrong once again complained of a sore throat and was now noted to be talking in a "hoarse voice." At 12:50 PM, Armstrong was given 5 ccs of Lidocaine Viscous and he was instructed to bathe the back of his throat with the Lidocaine Viscous and to spit it out.

28. At 1:00 PM, Armstrong claimed "things are swelling in throat." At 1:20 PM, Armstrong was assessed. During the assessment, Armstrong continued to complain of sore throat and now also complained of shortness of breath. He continued to speak in hoarse tones. He was assessed as having upper respiratory infection in the setting of childhood Asthma and a history of seizure disorder. He was given Benadryl.

29. At 2:30 PM, Armstrong remained in Holding Cell 3 and continued to complaint of his respiratory distress. He now complained forcefully, screaming, "I can't breathe" repeatedly. He was asked what his symptoms were and he responded with, "I can't breathe." Due to his distress, Armstrong was flailing his arms around. His pain level was recorded to be at a level of 10 out of a possible 10 and his heart rate was elevated at between 109 to 126. Although he had not swallowed any foreign objects, Armstrong indicated that he felt like he had "dirt" in his throat. He was administered a breathing treatment, Albuterol, by way of a hand held nebulizer. Despite the continuing and worsening nature of his illness and the necessity for breathing treatment in the setting of escalating complaints, plaintiff was not taken to an emergency room of a hospital for imminent and emergency care by defendants. Responding to Armstrong's complaints at 2:30 PM of his inability to breathe were, C.O. RIOS, C.O. ABRAMS, C.O. SARGENSON, and C.S. RESINI. AMANDA GIBSON, R.N. was also aware of the repeated and desperate complaints and cries for immediate, imminent help by Derek Armstrong. Despite having actual knowledge of the imminent, desperate complaints of Armstrong, defendants C.O. RIOS, C.O. ABRAMS, C.O. SARGENSON, C.S. RESINI and GIBSON, R.N. were deliberately indifferent to these needs, ignored said needs and refused to authorize immediate transportation to an emergency health facility where his emergent and desperate needs would have been

1  addressed. Instead, defendant C.O. RIOS placed Armstrong in handcuffs.

2      30.    At 4:15 PM, while Armstrong remained in Holding Cell 3, he once again complained that he was having a hard time breathing. He was also noted to be pacing and yelling, "I can't breathe, I can't breathe." His voice sounded hoarse. Instead of bringing Armstrong to the jail's medical clinic, defendants C.O. COLLINS and C.O. SHAMBAUGH had medical assistance brought to Armstrong. Defendants, NURSE ROXIE and LONCTOT, R.N. arrived and failed to bring Albuterol, a pulse oximetry monitor and oxygen. Instead, defendant NURSE ROXIE instructed Armstrong to breathe in a paper bag provided to him. Armstrong continued to complain, indicating that he could not breathe. Armstrong then became agitated due to his extreme distress in being unable to breathe and began moving around because of his difficulties with breathing. In response, defendants COLLINS and SHAMBAUGH placed Armstrong in a "control hold" then forced him onto the ground and ordered him to stay on the ground. Said orders and commands were given despite Armstrong's immediate and emergent need for medical care. While on the ground, Armstrong began to urinate upon himself.

    31.    After Armstrong urinated upon himself, an ambulance was summoned. Armstrong stopped breathing. Oxygen was then obtained and administered via an ambu bag and other emergency procedures were administered, which included the administration of CPR. Armstrong was finally taken to the emergency room at Mercy Medical Center in Merced, California. Armstrong lapsed into a coma. Armstrong remained in the coma at Mercy Medical Center until he died on October 3, 2009.

## FIRST CLAIM FOR RELIEF

**(Violation of 42 U.S.C. §1983 by Plaintiffs Against All Defendants)**

    32.    Plaintiffs refer to paragraphs 1 through 31 of this Complaint and realleges each and every allegation as though fully set forth herein.

    33.    Defendants acted under color of law during the following:

    a.    When defendants did not transport Armstrong to an emergency room of a nearby hospital to receive imminent and emergency medical care.

    b.    When excessive force was applied to Derek Armstrong by way of

handcuffing by C.O. RIOS and being thrown to the ground with a control hold placed upon him by defendants C.O. COLLINS and C.O. SHAMBAUGH.

   c. When defendants ROXIE and LONCTOT failed to respond during the 4:30 PM complaint with Albuterol, a pulse oximetry monitor and oxygen.

 34. These acts were done with deliberate indifference toward the health and safety of decedent Armstrong and were done in violation of 42 U.S.C. §1983. Defendants acted under color of State Law and knew and should have known that their conduct or omissions created an unreasonable risk of harm to Armstrong. As a direct and foreseeable result of the defendants' violations of the Constitutional rights of decedent Armstrong, decedent lapsed into a coma which would have been prevented in the absence of the deliberate indifference toward the medical needs of decedent Armstrong. Specifically, defendants had actual and clear knowledge of Derek Armstrong's need for immediate and imminent medical care well before the time he collapsed within the premises of the Merced County Jail. Defendants failed to authorize immediate and imminent transportation to an emergency room facility which would have provided immediate, appropriate medical care to Armstrong and would have avoided the death of Derek Armstrong.

 35. Due to deliberately indifferent acts as described above, Derek Armstrong died on October 3, 2009.

 36. Prior to the death of decedent Derek Armstrong, Simmons, plaintiffs lived with decedent and/or were dependent on him for support and maintenance. At all times prior to his death, decedent was a faithful and dutiful husband and father to these plaintiffs. Decedent suffered physical pain and emotional distress which included general damages for the deprivation of his constitutional rights.

 37. As a proximate result of the negligence of the defendants, and each of them, and of the death of decedent, plaintiffs have sustained pecuniary loss, resulting from the loss of society, comfort, attention, services and support of decedent.

 38. As a further proximate result of the negligence of the defendants, and each of them, and of the death of decedent, Derek Armstrong, plaintiffs have incurred funeral and burial expenses.

39. Defendants acted in reckless and callous disregard for the constitutional rights of decedent, and with wilful oppression and malice. Plaintiffs therefore seek an award of punitive damages against each defendant.

40. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent under the law. Plaintiffs are therefore entitled to recover all attorney's fees incurred in relation to this action pursuant to Title 42 United Code, §1988.

## SECOND CLAIM FOR RELIEF

**(Violation of 42 U.S.C. §1983 by All Plaintiffs Against Defendants SHERIFF MARK PAZIN and COMMANDER JAMES BUTTREY)**

41. Plaintiffs refer to paragraphs 1 through 40 of this complaint and reallege each and every allegation as though fully set forth herein.

42. The policies, practices, acts and omissions of defendants MERCED COUNTY, SHERIFF MARK PAZIN, in his official capacity, COMMANDER BUTTREY, in his official capacity and DOES 1 through 50, the deliberate indifference of such defendants and the adoption and ramification of the misconduct of commanding officers and defendants, C.O. J. COLLINS, C.O. B. SHAMBAUGH, C.O. RIOS, C.O. ABRAMS, C.O. SARGENSON, C.S. RESINI, GIBSON, R.N., NURSE ROXIE, LONCTOT, R.N. and DOES 1 through 50 as described in this complaint, were moving forces behind the constitutional rights and the resulting damages suffered by plaintiffs and plaintiffs' decedent.

## THIRD CLAIM FOR RELIEF

**(Violation of 42 U.S.C. §1983 by Plaintiffs Against Defendants SHERIFF MARK PAZIN, COMMANDER JAMES BUTTREY and DOES 1 through 50)**

43. Plaintiffs refer to paragraphs 1 through 42 of this complaint and reallege each and every allegation as though fully set forth herein.

44. Plaintiffs are informed and believe and upon such information and belief allege that defendants SHERIFF MARK PAZIN, in his individual capacity, COMMANDER JAMES BUTTREY, in his individual capacity and DOES 1 through 50, participated in the violation of plaintiffs' rights by failing to provide adequate training, supervision, discipline and control of

1  MERCED COUNTY jail employees with respect to the constitutionally appropriate restraint procedures, attendance to detainees' medical needs and use of force, and with respect to employing safe and constitutionally permissible means of performing necessary Sheriff functions.

45. Plaintiffs are further informed and believe and on that basis allege that defendants SHERIFF MARK PAZIN, COMMANDER JAMES BUTTREY and DOES 1 through 50 participated in the violation of plaintiffs' rights by verifying the conduct of defendants, C.O. J. COLLINS, C.O. B. SHAMBAUGH, C.O. RIOS, C.O. ABRAMS, C.O. SARGENSON, C.S. RESINI, CFMG, GIBSON, R.N., NURSE ROXIE, LONCTOT, R.N. and DOES 1 through 50 as described in this complaint, thereby acquiescing in the deprivation of plaintiffs' rights.

## FOURTH CLAIM FOR RELIEF

### (California Civil Code §52.1 By All Plaintiffs Against All Defendants)

46. Plaintiffs refer to paragraphs 1 through 45 of this complaint and reallege each and every allegation as though fully set forth herein.

47. The United States Constitution, Amendment IV, and the California Constitution, Article I §13 guarantees the right of persons to be free from excessive force. Both constitutions guarantee the right to appropriate medical attention for people in police custody. Defendants, by engaging in the wrongful conduct alleged herein, denied this right to the decedent and plaintiffs, thus giving rise to claims for damages pursuant to California Civil Code §52.1.

48. As a direct and proximate cause of the aforementioned acts of defendants, decedent and plaintiffs were injured as set forth above, and are entitled to statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.

49. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of decedent and plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranted the award for punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the

wrongdoers and deter future misconduct.

WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as follows:

1. General damages according to proof;
2. Special and economic damages according to proof;
3. For pecuniary damages, according to proof;
4. For funeral and burial expenses for Derek Armstrong according to proof;
5. For punitive damages against the individually named defendants;
6. For attorney's fees pursuant to USC §1988;
7. For interest on all economic damages in the legal amount from October 3, 2009 to the date of judgment;
8. For costs of suit herein and
9. For such other and further relief as the Court may deem just and proper.

DATED: September 26, 2011                LAW OFFICES OF ROBERT D. PONCE

                                         By: _____
                                             ROBERT D. PONCE
                                             Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury pursuant to Federal Rules of Civil Procedure 38(b).

DATED: September 26, 2011                    LAW OFFICES OF ROBERT D. PONCE

BY: _____
ROBERT D. PONCE
Attorney for Plaintiffs

ARMSTRONG\COMPLAINT