# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA ARMSTRONG, et al., | Case No. 1:11-cv-01632-SKO |
| Plaintiffs/Petitioners, | **ORDER GRANTING PETITION FOR COMPROMISE OF THE CLAIMS OF MINORS KERED ARMSTRONG AND DEREK ARMSTRONG, JR.** |
| v. | |
| BAKERSFIELD POLICE OFFICER DOSSEY, BADGE #897, et al., | (Docket No. 48) |
| Defendants/Respondents. | |

## I.   INTRODUCTION

On July 24, 2013, Plaintiff/Petitioner Martha Armstrong ("Armstrong"), the court-appointed guardian ad litem of Minor Plaintiff Kered Armstrong ("Kered"), and Petitioner Stephanie Tross ("Tross," Armstrong and Tross are collectively "Petitioners"), the court-appointed guardian ad litem of Minor Plaintiff Derek Armstrong, Jr., ("Derek")[1] filed a Petition for Order Authorizing Compromise of the Claims of Minors. (Doc. 48.) Defendants Merced County, et al. ("Merced Defendants"), and Defendant R. Lonctot, R.N., ("Lonctot," collectively "Defendants") filed Statements of Non-Opposition. (Docs. 53, 54.)

The matter was heard on August 21, 2013, before Magistrate Judge Sheila K. Oberto. (Doc. 58.) Plaintiffs/Petitioners' counsel personally appeared, and counsel for Lonctot appeared

---

[1] Kered and Derek are collectively referred to as "Minor Plaintiffs."

telephonically on behalf of all Defendants. (Doc. 58.) The Court had previously found good cause to allow the Petitioners and the Minor Plaintiffs to appear telephonically. (Doc. 56; s*ee also* Rule 202(d) of the Local Rules of the United States District Court, Eastern District of California.) On August 21, 2013, the parties consented to Magistrate Judge jurisdiction. (Doc. 59-62.)

After reviewing the petition and the terms of the settlement as set forth at the August 21, 2013, hearing, the Court finds that the proposed settlement agreement is fair and reasonable. The Petition for Order Authorizing Compromise of the Claims of Minors Kered Armstrong and Derek Armstrong, Jr., (Doc. 48) is GRANTED.

## II.   RELEVANT PROCEDURAL BACKGROUND

Armstrong and Kered filed an original complaint on September 26, 2011. (Doc. 2.) The Merced Defendants filed an answer on December 23, 2011, and Lonctot filed an answer on March 2, 2012. (Docs. 9, 22.)

A second amended complaint ("SAC") was filed on February 14, 2013, adding Derek, through his guardian ad litem Tross, and Plaintiff Roshonta Collins ("Collins").[2] (Doc. 43.) The SAC is the operative pleading, and alleges claims pursuant to 42 U.S.C. § 1983 against Defendants for failing to transport Decedent Derek Armstrong, Sr. ("Decedent") to a hospital to receive imminent and emergency medical care, excessive force, deliberate indifference to Decedent's health and safety, policies and practices of deliberate indifference, failure to provide adequate training and supervision, and failure to be free of excessive force. (Doc. 43, ¶¶ 33-50.) The SAC alleges that Decedent was the husband of Armstrong, the father of Minor Plaintiffs Kered and Derek, and that Collins was Decedent's adult daughter. (Doc. 43, ¶ 1.)

On July 10, 2013, Plaintiffs filed a Notice of Settlement. (Doc. 46.) On July 24, 2013, Plaintiffs filed the instant Petition for Order Authorizing Compromise of the Claims of Minors. (Doc. 48.) Lonctot and the Merced Defendants filed Statements of Non-Opposition on July 31, 2013, and August 1, 2013, respectively. (Docs. 53, 54.)

A hearing was held before the Court on August 21, 2013, to review the terms of the compromise settlement. (Doc. 58.)

---

[2] Armstrong, Kered, Derek, and Collins are collectively referred to as "Plaintiffs".

## III. DISCUSSION

### A. Legal Standard for Compromise of Minor's Claim

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors. Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) (internal citation marks omitted)).

In *Robidoux*, the United States Court of Appeals for the Ninth Circuit provided specific guidance "on how to conduct this independent inquiry." *Robidoux*, 638 F.3d at 1181. While the Ninth Circuit noted that district courts have typically applied state law and the local rules governing the award of attorney's fees to make the reasonableness and fairness determination, the court held that "this approach places an undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id*. The Ninth Circuit held that, instead, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1181-82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id*. at 1182 (citing *Dacanay*, 573 F.2d at 1078).

Local Rule 202(b) sets forth that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Local Rule 202(b)(2) further provides in pertinent part that an application for approval of a settlement of a minor:

> shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and

circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .

**B.     Terms of the Compromise Settlement**

A global settlement offer to Plaintiffs of $82,500 was accepted, which includes payment of attorney's fees and costs. (Doc. 48, 5:21-22.) The settlement is inclusive of all claims against all Defendants and is intended to resolve the action. (Doc. 48, 5:23-25.)

Plaintiffs and their counsel have proposed the following disbursements from the settlement amount:

| | |
|---|---|
| Kered Armstrong, a minor | $22,500 |
| Martha Armstrong | $15,000 |
| Derek Armstrong, Jr., a minor | $11,000 |
| Roshonta Collins | $ 5,000 |
| Law Offices of Robert D. Ponce | $29,000 (comprised of $6,674.17 in costs and $22,325.83 in attorney's fees). |

(Doc. 48, 6:22-7:2)

Plaintiffs assert that, for purposes of settlement, the parties were guided by the $250,000 limit on general damages imposed by California Civil Code § 3333.2(b) (Medical Injury Compensation Reform Act ("MICRA")), which is applied to all plaintiffs aggregately, not to each plaintiff individually. Plaintiffs contend that, because the original claims did not envision professional negligence as the basis for recovery, Plaintiffs did not sign a contingency fee agreement setting forth the graduated fees prescribed by California Business and Professions Code § 6146. However, because the action was settled based on discovered facts, Plaintiffs request that the Court follow the guidelines of California Business and Professions Code § 6146, which provides that an attorney is entitled to fees on claims related to a health provider's alleged professional negligence in the amount of 40% for the first $50,000 and 33 1/3% of the next $50,000. (Doc. 48, 7:6-18.)

Costs of litigation are deducted from the total settlement amount prior to the calculation of attorney's fees. Cal. Bus. & Prof. Code § 6416 (c)(1), Here, from the gross settlement amount of $82,500, litigation costs of $6,674.17 are deducted to yield $75,825.83. This results in attorney's fees of $20,000 from the first $50,000 (40%), and $8,608.61 from the remaining $25,825.83 (33 1/3%), for a total in attorney's fees of $28,608.61. (Doc. 48, 7:16-25.) Plaintiffs' counsel has agreed to reduce his fees to $22,325.83. As such, the total combined amount counsel is seeking in attorney's fees and costs is $29,000 ($6,674.17 in costs and $22,325.83 in fees). (Doc. 48, 22-25.) Attorney's fees in the amount of $22,325.83 reflect 29% of the net recovery after litigation costs are subtracted. (Doc. 48, 7:26-27.)

The petition sets forth that Kered is the minor child of Armstrong and Decedent, and is currently four years old. (Doc. 48, 2:13-15.) Derek is the minor child of Tross and Decedent, and is currently 16 years old. (Doc. 48, 2:15-16.) The petition presents the facts and circumstance of the case and indicates the manner in which the settlement was reached. (Doc. 48, 5:14-19.)

The Court must thus determine whether the amounts allocated for the Minor Plaintiffs are reasonable and fair.

**C.     The Reasonableness and Fairness of the Settlement Amount**

In *Robidoux*, the Ninth Circuit directed district courts considering the compromise of a minor's claim to examine the fairness and reasonableness of the net settlement amount in view of the facts of the case, the minor's specific claim, and the recovery in similar cases. *Robidoux*, 638 F.3d at 1181-82.

Here, the settlement agreement was reached after the conclusion of fact discovery and prior to incurring the costs of expert discovery. (Doc. 48, 5:14-15.) The parties agreed to engage in private mediation before Jack Williams, Esq., of San Jose, California, who was chosen based on his extensive experience as a mediator and trial lawyer. (Doc. 48, 5:15-17.) The mediator possesses longstanding experience in tort claims and, specifically, wrongful death actions. (Doc. 48, 5:17-18.) The mediation occurred on July 1, 2013, and the parties settled the case. (Doc. 48, 5:18-19.)

Plaintiffs note that the Minor Plaintiffs Kered and Derek did not sustain physical injury. Kered underwent behavioral counseling that was geared for general behavioral issues, not grief issues, and received no other counseling. Kered was approximately two years old at the time of his father's death, and Decedent had resided with Kered for approximately six months prior to Decedent's death and release from prior incarceration. Derek did not receive emotional counseling as a result of his father's death, and learned of Decedent's death while searching the Internet at school. Derek did not live with Decedent at the time of Decedent's death, and it had been several years since Derek had seen his father. Derek's relationship with Decedent consisted of occasional telephone calls from prison and exchange of letters. (Doc. 48, 5:27-6:10.)

As set forth above, Plaintiffs propose the following disbursement from the global settlement amount of $82,500.

| | |
|---|---|
| Kered Armstrong, a minor | $22,500 |
| Martha Armstrong | $15,000 |
| Derek Armstrong, Jr., a minor | $11,000 |
| Roshonta Collins | $ 5,000 |
| Law Offices of Robert D. Ponce | $29,000 (comprised of $6,674.17 in costs and $22,325.83 in attorney's fees). |

(Doc. 48, 6:22-7:2)

Plaintiffs contend that the proposed disbursement reflects the fact that Decedent resided with Kered at the time of his arrest and death, and that Kered was two years old at the time and had an ongoing relationship Decedent. Further, the proposed recovery for Derek reflects that his relationship with Decedent was based on correspondence and phone calls, Derek had not seen Decedent for several years, and Decedent did not contribute financially to Derek's care at the time of Decedent's death. (Doc. 48, 8:17-24.)

Plaintiffs filed this action in 2011, and the facts of the case were thoroughly investigated and developed over the course of the litigation. The parties concluded fact-based discovery prior to mediation, and the case settled before the parties incurred the expense of expert discovery. (Doc. 48, 5:14-15.) Further, the settlement was reached after engaging in mediation with a

mediator experienced with these legal issues.  (Doc. 48, 5:15-19.)  Settling the claims at this time allows for certainty of recovery for the Minor Plaintiffs, as opposed to uncertainty related to Defendants potentially filing dispositive motions or an unfavorable verdict at trial.

After reviewing the facts of this case, the Court finds the settlement amount allocated to the Minor Plaintiffs to be fair and reasonable, as the proportions allocated adequately reflect the nature of each of the Minor Plaintiff's relationship with Decedent at the time of his death.

The Declaration of Robert D. Ponce establishes that the amounts payable to the Minor Plaintiffs will be deposited into a blocked account at a federally insured institution.  Armstrong, guardian ad litem for Kered, has proposed depositing the sum of $22,500 into Chase Bank located at 2011 Harbison Drive in Vacaville, California.  Tross, guardian ad litem for Derek, proposes depositing the sum of $11,000 in Cascade Federal Credit Union, located in Kent, Washington. (Doc. 51, ¶ 13.)  These accounts satisfy the Court's requirement that the proposed net settlement amounts be deposited in blocked accounts by the Minor Plaintiffs' guardians ad litem at federally insured financial institutions and held there until each Minor Plaintiff reaches his age of majority.

Within 72 hours of receipt of a check payable to the order of each Petitioner as Trustee for the respective Minor Plaintiff, each Minor Plaintiff's settlement amount shall be placed into a blocked account for the benefit of each Minor Plaintiff, and shall be transferred to the respective Minor Plaintiff's custody when that Minor Plaintiff reaches the age of 18.  No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the respective Minor Plaintiff attains the age of 18 years. *See* Local Rule 202(f).  When each Minor Plaintiff attains the age of 18 years, the depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former Minor Plaintiff, upon proper demand, all monies including interest deposited under this order.  The money on deposit is not subject to escheat.  Plaintiffs' attorney and the guardians ad litem shall deliver to each depository a copy of this order at the time of deposit.

Pursuant to the Court's July 11, 2013, Order After Settlement, the parties' final dismissal documents shall be filed by no later than September 16, 2013.  (Doc. 47.)

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The proposed settlement between Minor Plaintiffs Kered Armstrong and Derek Armstrong, Jr., and Defendants is APPROVED as fair and reasonable;

2. The Motion of Petitioner Martha Armstrong, guardian ad litem for Plaintiff Minor Kered Armstrong, and Petitioner Stephanie Tross, guardian ad litem for Minor Plaintiff Derek Armstrong, Jr., for Approval of Compromise Settlement is GRANTED;

3. Minor Plaintiff Kered Armstrong shall receive $22,500 by way of settlement;

4. Minor Plaintiff Derek Armstrong, Jr., shall receive $11,000 by way of settlement;

5. Within 72 hours of receipt of a check payable to the order of each Petitioner as the Trustee for the respective Minor Plaintiff, the Petitioner shall deposit the check in a blocked account at a federally insured bank or credit union;

6. The respective settlement amounts shall be transferred to each Minor Plaintiff's custody when that Minor Plaintiff reaches the age of 18;

7. Petitioners and Minor Plaintiffs' attorney shall deliver to each depository a copy of this order at the time of deposit;

8. No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this court, until the respective Minor Plaintiff attains the age of 18 years. When each Minor Plaintiff attains the age of 18 years, the respective depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former Minor Plaintiff, upon proper demand, all monies including interest deposited under this order. The money on deposit is not subject to escheat; and

9. The parties' final dismissal documents shall be filed by no later than September 16, 2013.

IT IS SO ORDERED.

Dated: **August 30, 2013**                           **/s/ Sheila K. Oberto**
                                                                        UNITED STATES MAGISTRATE JUDGE